13134

STATE v. HORNE

(158 S. E., 498)

September, 1930.

*Mr. Joe P. Lane,* for appellant.

*Mr. M. J. Hough, Solicitor,* for the State.

May 4, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The defendant was tried and convicted in the Court of General Sessions for Dillon County in September, 1930, under an indictment charging him with unlawfully having in his possession alcoholic liquors, against the statutory law of this State, and was sentenced by the trial Judge, his Honor, Judge William H. Grimball, to sixty days' imprisonment at hard labor. In his appeal to this Court, the defendant presents four exceptions, but which, according to our view, raise but two questions, namely: (1) That the trial Judge erred in refusing to grant defendant's motion for direction of a verdict; (2) that his Honor erred in the admission of testimony.

The motion for direction of a verdict was based, it appears, upon the ground that there was no evidence upon which the defendant could legally be convicted. We are unable to agree with this position, and in passing upon the question we deem it unnecessary to enter into a discussion of the testimony or to state the same, but consider it sufficient to state that an examination of the transcript in the case convinces us that there was competent evidence adduced at the trial which made it incumbent upon the trial Judge to submit the case to the jury.

The allegations of error with regard to the admission of testimony is that the trial Judge erred in permitting one of the witnesses for the State, during the course of his testimony, to state that Mrs. Horne, the wife of the defendant, had on "easy walker shoes," and in refusing to strike out this testimony when defendant made a motion to that effect. It appears from the testimony that some one had walked from the spot in the field, where the liquors were found buried, in the direction of defendant's residence near by, and that the tracks made by the person in so walking were made by "easy walker shoes," and that the wife of the defendant had on that kind of shoes at the time the search for the liquors was made. This testimony, as to the kind of shoes the defendant's wife had on, was more in favor of the defendant than against him, for from it the jury might have gotten the impression that the defendant's wife was the guilty party and not the defendant. Furthermore, it was proper for the witness to describe what he found and saw at the place and time the discovery of the liquor was made and what the parties he saw there were doing.

The exceptions must be overruled, and it is therefore the judgment of this Court that the judgment of the lower Court be, and is hereby, affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and BONHAM concur.